IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **NORVELL T. MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11 C 3487 |
| | ) | |
| **OFFICERS MELVIN ABERNATHY, GERARDO** | ) | Judge John Z. Lee |
| **ALVAREZ, CHRISTOPHER ASMESQUITA,** | ) | |
| **CARLOS BAKER, WALTER BAKER, DAMON** | ) | |
| **BROWN, CO L. CRIM, DORSEY DOUGLAS,** | ) | |
| **KRISTINA GONZALEZ, MICHAEL GRELA,** | ) | |
| **JOSE GUTIERREZ, MARK HESTER,** | ) | |
| **CO L. HAWK, BENJAMIN HOUSTON,** | ) | |
| **DAINIUS JUZENAS, JAMES LEGGETT,** | ) | |
| **D. LUCAS, ERIC LINK, CO A. MARKEE,** | ) | |
| **J. PARRISH CCII, NATHANIEL PEACOCK,** | ) | |
| **GREGORY REDD, E. RICE, CO S. RUFFIN,** | ) | |
| **MAGRETTE SANDERS, MARTY SCOTT,** | ) | |
| **CO VAN DIVER (a/k/a SHERRY McCRAY),** | ) | |
| **SERGEANT DEMETRIUS WARR, SERGEANT** | ) | |
| **A. WICHRACKI, along with** | ) | |
| **DEB MOFFETT-COLLINS RN, GARY DROP,** | ) | |
| **ADRIAN DOWNS-MILLER, DANIELLE** | ) | |
| **ERICKSON, ALETHA HARPER, AMANDA** | ) | |
| **IFEZUE, CHRISTINA LUCE, SILVIA** | ) | |
| **MAHONE, JACQUELINE MITCHELL,** | ) | |
| **DONNA MORRIS, ATHENA ROSSITER,** | ) | |
| **MARY DIANE SCHWARZ, DR. J. STAMPLEY,** | ) | |
| **DR. HE YUAN, AND FRANCES WEBB,**[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Norvell T. Moore, a prisoner at Stateville Correctional Center, has sued Defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 and for intentional infliction of emotional distress under state law. Defendants Deborah Moffett-Collins, Mary

---

[1] On February 25 and July 25, 2014, all but three defendants, Deborah Moffett-Collins, Danielle Erickson, and Mary Diane Schwarz, were dismissed from this litigation.

Diane Schwarz, and Danielle Erickson have moved to dismiss the Third Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the Court grants in part and denies in part the motion.

## Facts[2]

From July 30, 2010 to November 24, 2010, Plaintiff was incarcerated in Joliet, Illinois at Stateville Correctional Center ("Stateville"), which is operated by the Illinois Department of Corrections ("IDOC"). 3d Am. Compl. ¶ 5. He is currently housed at Metropolitan Correctional Center in Chicago, Illinois. *Id.*

Plaintiff suffers from chronic back pain and nerve damage caused by bulging disks in his spine as well as severe atrophy in his right leg. *Id.* ¶¶ 11-14. When Plaintiff arrived at Stateville, Plaintiff met with Registered Nurse Deborah Moffett-Collins, a Wexford employee, for a screening interview. *Id.* ¶ 17. Moffett-Collins prescribed Plaintiff with medication, including Robalin, Motrin, and Prednisone. *Id.* Plaintiff was told that the prescriptions Moffett-Collins noted upon intake would be filled in "a couple of days," but that did not occur. *Id.*

During the screening interview, Moffett-Collins noted that Plaintiff had experienced numbness, had fallen down, and had been hospitalized twice while a detainee at Cook County Department of Corrections ("CCDOC"). *Id.* ¶ 18. Moffett-Collins assessed Plaintiff as being in "need of a l[ower] bunk" and "crutches," accommodations which he received at CCDOC. *Id.* Moffett-Collins assured Plaintiff that he would receive a lower-bunk and ground-floor permit, but instead he was assigned to a top bunk in a cell on a floor that required him to use the stairs. *Id.* Plaintiff also mentioned upon intake that he had blood in his stool and he had trouble

---

[2] The following facts are taken from Plaintiff's Third Amended Complaint and are assumed to be true for purposes of this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

urinating. *Id.* ¶ 19. Moffett-Collins took note of these symptoms, but Plaintiff received no treatment for them while at Stateville. *Id.*

Plaintiff collapsed to the ground due to intense pain in his back and right leg on August 1, 2010. *Id.* ¶ 20. Plaintiff asked for medical attention, and three hours later, a Wexford employee came to Plaintiff's cell and told him there was "nothing he [could] do." *Id.* On August 2, 2010, Plaintiff again requested medical assistance for his ongoing pain in his back and right leg during the 3:00 p.m. shift and the 11:00 p.m. shift. *Id.* ¶ 22. Moffett-Collins came to speak with Plaintiff and told him "she couldn't do anything." *Id.*

It was not until August 18, 2010, that anyone examined Plaintiff in response to his request for medical attention. *Id.* ¶ 44. Mary Diane Schwarz, a physician's assistant employed by Wexford, examined Plaintiff. *Id.* Plaintiff informed Schwarz that his legs were giving out and that he was suffering from a severe back and hip injury that had been left untreated since the initial screening interview despite his repeated efforts to receive medical attention. *Id.* ¶ 45. Schwarz informed Plaintiff: "That isn't our problem. That should have been taken care of by Cook County." *Id.* Schwartz then threatened to deprive Plaintiff of his crutches "because he didn't have drop foot." *Id.* After being examined by Schwarz, Plaintiff received no treatment for his back or leg. *Id.* ¶ 47.

That day, Plaintiff appeared before Cook County Circuit Judge Sharon Sullivan for an arraignment hearing. *Id.* ¶ 46. Judge Sullivan ordered that IDOC examine and treat Plaintiff, but, despite Judge Sullivan's order, IDOC failed to do so. *Id.* ¶ 47.

The only treatment Plaintiff consistently received while at Stateville was Remeron, an anti-depressant medication, which was prescribed by Dr. He Yuan on August 29, 2010. *Id.* ¶ 64. Wexford employee Danielle Erickson approved the continuance of his receiving Remeron in

September 2010. *Id.* Erickson never offered meaningful treatment to Plaintiff for his right leg and lower back injuries. *Id.*

Plaintiff was transferred from Stateville on November 24, 2010. *Id.* ¶ 63. As of that date, no physician had examined or treated him for his back or leg conditions. *Id.*

## Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), federal courts must accept as true all well-pleaded facts alleged in the complaint and construe all reasonable inferences in favor of the non-moving party. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2009) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). In order to state a valid claim, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff is not required to allege "detailed factual allegations," but must plead facts that, when "'accepted as true . . . state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to determine whether a complaint meets the *Twombly* plausibility standard, the "reviewing court draw[s] on its judicial experience and common sense." *Id*. at 678. Where the factual allegations are well-pleaded, the Court assumes them to be true and determines whether those facts give rise to a plausible entitlement to relief. *Id.* at 679. A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the actions alleged. *Id.* at 678. Plausibility however "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**Analysis**

A.     **Exhaustion of Administrative Remedies**

A prisoner plaintiff's failure to exhaust administrative remedies is an affirmative defense. *Obriecht v. Raemisch,* 517 F.3d 489, 492 (7th Cir. 2008). The general rule at the pleading stage is that a plaintiff is not required to plead around any affirmative defenses, and thus, an affirmative defense does not provide a basis for dismissing the complaint. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A plaintiff may, however, "plead [himself] out of court by pleading facts that establish an impenetrable defense to [his] claims." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). "Unless the complaint alleges facts that create an ironclad defense," however, such defense arguments should await factual development of the record. *Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005).

Defendants argue that Plaintiff failed to exhaust his administrative remedies in accordance with Ill. Admin. Code Title 20, § 504.810(a) and the Prison Litigation Reform Act because his grievances fail to identify the Defendants by name or to state any allegations against them. Because this is an affirmative defense, it does not serve as a basis for dismissing the claim unless Plaintiff has pleaded himself out of court. Plaintiff has not done so in this case.

Plaintiff alleges that he has exhausted his administrative remedies. 3d Am. Compl. ¶ 5. Although Plaintiff attached grievances as exhibits to the Third Amended Complaint, he does not allege that the attached grievances are the only ones he submitted. Moreover, Plaintiff alleges that he was repeatedly denied grievance forms and tried to reach out to Defendants and others for medical treatment over a three-month period to no avail. *Id.* ¶¶ 20–65. Because these

5

allegations do not create an ironclad defense of a failure to exhaust, the Court denies the motion to dismiss on this ground.

B.   **Deliberate Indifference**

Section 1983 provides a private right of action against persons acting under color of state law who violate constitutional rights.  42 U.S.C. § 1983.  The Eighth Amendment prohibits cruel and unusual punishment and applies to the states through the Fourteenth Amendment's Due Process Clause.  *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006).  Deliberate indifference to the serious medical needs of prisoners constitutes cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"A plaintiff claiming a constitutional violation under § 1983 for denial of medical care must meet both an objective and subjective component. "  *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).  First, he must show that his medical need is objectively serious.  *Id.*  "A medical need is considered sufficiently serious if the [plaintiff's] condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention."  *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quotation omitted).  Second, "the plaintiff must show that the defendant[s] . . . had a sufficiently culpable state of mind – that their acts or omissions [were] sufficiently harmful to evidence deliberate indifference to his serious medical needs."  *Pittman*, 746 F.3d at 775–76 (quotation omitted).

Defendants Erickson and Moffett-Collins have moved to dismiss the claim of deliberate indifference against them.  Plaintiff's allegations against Defendant Erickson do not state a claim for deliberate indifference.  Plaintiff alleges that:  (1) in September 2010, Erickson "signed off" on continuing Dr. He Yuan's August 29, 2010, prescription of Remeron; and (2) Erickson never

6

offered meaningful medical treatment of Plaintiff's right leg and lower back. 3d Am. Comp. ¶¶ 47, 64. Plaintiff argues that it is reasonable to infer from Erickson's approving the continuance of a previously prescribed dose of anti-depressant that Erickson was aware of his medical complaints regarding his leg and back. This, however, is not a reasonable inference, absent any allegation that Erickson was aware of Plaintiff's leg or back conditions or any allegation that a review of an inmate's entire medical history is required to "sign off" on continuing a previously prescribed dose of anti-depressant. Simply put, there is no allegation that Erickson was personally involved in ignoring Plaintiff's medical needs related to his leg or back condition. The Court thus dismisses without prejudice Plaintiff's deliberate indifference claim against Defendant Erickson.

Defendants also argue that the claims against Moffett-Collins should be dismissed because she never ignored Plaintiff. In support, Defendants point to Plaintiff's allegations that during the intake screening, Moffett-Collins took detailed medical history notes and prescribed various medications based on his medical history. Defendants also urge the Court to take judicial notice of the fact that Moffett-Collins is not a "Med-Tek," and thus she could not have denied Plaintiff's requests for medical assistance on August 2, 2010.

A court may take judicial notice of a fact that is both "not subject to reasonable dispute" and either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Whether Moffett-Collins is a "Med-Tek" is subject to dispute, not generally known, and is not capable of accurate and ready determination. Therefore, the Court declines to take judicial notice of the fact that Moffett-Collins is not a "Med-Tek" at this stage of the litigation.

Furthermore, Plaintiff sufficiently alleges that Moffett-Collins was deliberately indifferent to his serious medical needs. Plaintiff contends that he suffers from chronic back pain and nerve damage caused by bulging disks in his spine, as well as severe atrophy in his right leg, that require him to use a cane or wheelchair to ambulate. *Id.* ¶¶ 11-14. This sufficiently alleges a serious medical need. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (recognizing a "serious medical need" where the condition significantly affects an individual's daily activities or features "chronic and substantial pain."). Furthermore, Plaintiff asserts that Moffett-Collins determined that in order to treat his back and leg condition, Plaintiff needed prescription medication, a lower bunk, and crutches while at Stateville, that she was aware that his medical needs were not being met, and yet did nothing. *Id.* ¶¶ 17, 18, 22. Although Defendants opine that Moffett-Collins cannot be held liable for someone else's failure to provide Plaintiff with the drugs that she prescribed, it is unknown at this stage in the proceedings whether or not Moffett-Collins' conduct caused the failure. For example, discovery may show that Moffett-Collins never forwarded the prescriptions to the prison's pharmacy or the recommendation that he be provided a lower bunk on a lower floor. Moreover, Plaintiff alleges that after he collapsed to the ground due to intense pain in his back and right leg on August 1, 2010, he asked for Moffett-Collins for medical attention the next day due to ongoing pain in his back and right leg. *Id.* ¶¶ 20, 22. Moffett-Collins told him "she couldn't do anything." *Id.* ¶ 22. Plaintiff alleges that as a result of Moffett-Collins' neglect, the condition of his leg and back has worsened. *Id.* ¶¶ 13, 65. Because these allegations state a deliberate indifference claim against Moffett-Collins, the Court denies Defendants' motion to dismiss as to her.

C.     **Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress ("IIED") under Illinois law, a plaintiff must allege that (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress or knew there was a high probability his conduct would inflict such distress; and (3) the conduct did cause severe emotional distress. *Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006) (citing *McGrath v. Fahey*, 533 N.E. 2d 806, 809 (Ill. 1988)).

Plaintiff's allegations against Erickson do not state an IIED claim. As discussed above, the Court dismisses without prejudice Plaintiff's deliberate indifference claim as to Erickson. The standard for a deliberate indifference claim sets a lower bar than the "extreme and outrageous" standard for IIED claims, see *Wells v. Bureau Cnty.*, 723 F. Supp. 2d 1061, 1088–89 (N.D. Ill. 2010); *Hardy v. Hardy*, No. 10 C 5921, 2013 WL 5325077, at *3 (N.D. Ill. Sept. 20, 2013). Because Plaintiff cannot meet the lower threshold for pleading a deliberate indifference claim against Erickson, he surely does not satisfy the higher threshold for pleading an IIED claim against her. The Court thus grants Defendants' motion to dismiss Plaintiff's IIED claim against Erickson and dismisses it without prejudice.

The Plaintiff sufficiently states an IIED claim against Defendants Schwarz and Moffett-Collins, however. First, Plaintiff has satisfied the first element of an IIED claim by adequately alleging that their conduct was extreme and outrageous. Factors a court considers in determining whether conduct is extreme and outrageous are: (1) the degree of control the defendant has over the plaintiff; (2) "whether defendant reasonably believed its objective was legitimate; and (3) "whether the defendant was aware the plaintiff was 'peculiarly susceptible to emotional distress, by reason of some physical or mental peculiarity.'" *Franciski v. Univ. of Chi.*

*Hosps.,* 338 F.3d 765, 769 (7th Cir. 2003) (quoting *McGrath*, 533 N.E. 2d at 809-11). Plaintiff has alleged that Schwarz and Moffett-Collins had a certain degree of control over Plaintiff's medical treatment when they saw him writhing in pain and refused to provide any medical treatment. Furthermore, Plaintiff asserts that Moffett-Collins and Schwarz did not reasonably believe that their refusal to treat Plaintiff was legitimate because they were aware that Plaintiff suffered from back and neck injuries, they observed him in great pain that made him peculiarly susceptible to emotional distress, and, yet, they refused to treat him. Additionally, Plaintiff alleges that Schwarz did not reasonably believe her refusal to treat Plaintiff was legitimate because, although she knew of his back and leg conditions, she threatened to take his crutches and ignored Judge Sullivan's order for IDOC to examine and treat Plaintiff. At least at this nascent stage in the litigation, based on these allegations, Plaintiff has adequately asserted that Defendants may have had objectives in mind that were inconsistent with their desire to treat Plaintiff's conditions properly.

     Plaintiff also has sufficiently pleaded the second element of an IIED claim because he alleges that Moffett-Collins and Schwarz each intended that their conduct would inflict severe emotional distress or knew there was a high probability their conduct would inflict severe distress. Given that Plaintiff alleges he reported he suffered from intense pain when requesting, and being denied, medical treatment by Moffett-Collins and Schwarz, he has sufficiently pleaded that he was peculiarly susceptible to emotional distress and that Moffett-Collins and Schwarz consciously disregarded the high probability that severe emotional distress would result.

     Finally, the third element of an IIED claim, which focuses on the severity of the emotional distress Plaintiff suffered, is likewise satisfied. Plaintiff alleges that Moffett-Collins and Schwarz's refusal to treat his back and leg conditions as well as his acute pain for four

months while at Stateville caused him to suffer emotional distress that no reasonable person could be expected to withstand. At this juncture, this sufficiently alleges that the emotional distress that Plaintiff experienced was severe. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's IIED claim against Moffett-Collins and Schwarz.

## Conclusion

For the reasons provided herein, the Court grants in part and denies in part Defendants' motion to dismiss [142]. The Court grants the motion as to the deliberate indifference claim and the intentional infliction of emotional distress claim against Danielle Erickson in Counts I and II and dismisses those claims without prejudice. In all other respects, the motion is denied. Danielle Erickson is no longer a Defendant in this case.

**SO ORDERED**           **ENTER: 1/15/15**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**JOHN Z. LEE**
**United States District Judge**